———o———

No. 4321.

(Court of Appeal, Parish of Orleans.)

## JAHNCKE NAVIGATION CO. vs. HOLMBERG ENGINEERING CO., ET AL.

1. Where one who sells to a contractor material which are actually used by the latter in constructing and building the work and serves an attested account of the amount due him on the owner, he has a privilege on the fund which may remain in the owners hands to the credit of the Contractor.

Appeal from Civil District Court, Division "D."

Dart & Kernan, H. P. Dart, Jr., Plaintiff and Appellant.

Woodville & Woodville, E. H. McCaleb, Defendant and Appellee.

MOORE, J. This is a contest between a defaulting contractor or undertaker—The Holmberg Engineering Company now in the hands of and herein represented by a Receiver, and two sub-contractors or furnishers of materials—the Webster Manufacturing Co., and A. S. Daniels, over a judicial deposit made in the registry of the Court on the petition of the Jahncke Navigation Co., the company for which the work was to be done, amounting to the sum of $578.26 the net balance remaining in its hand and due the Holmberg Engineering Company under the contract.

The contract was for the building and constructing of a sand handling plant on the dredge boat "Vulcan," belonging to

the Jahncke Navigation Co., and the price stipulated therefor was $1950.00.

The contract was never registered with the Recorder of Mortgages. The evidence is conclusive that the sum of $578.26, deposited by the Jahncke Navigation Co., in the Registry of the Court, represents the entire balance due by the said company and that the machinery and supplies furnished by the Webster Manufacturing Co., and A. S. Daniels to the Holmberg Engineering Co., for the work contracted by it to be done on the boat "Vulcan," was necessary therefor, and was actually used and employed thereon. The bill of the Webster Manufacturing Co., amounts to $1298.74, and to secure which an attested account was duly served upon the Jahncke Navigation Co., before the latter had provoked the instant concursus. Daniel's bill amounts to $758.00. He had served no attested account at any time, but had simply orally notified the Jahncke Navigation Co., of the existence of that debt.

The contention of the Receiver of the Holmberg Engineering Co., is that neither of the two furnishers of materials have any right to the fund superior to that of the contractor. The Holmberg Manufacturing Co.—forasmuch first as neither the contract between the contractor and the Jahncke Navigation Co., nor the contracts of the respective furnishers of materials with the Holmberg Manufacturing Co., all and each of which exceeded five hundred dollars, were reduced to writing and registered with the Recorder of Mortgages; 2nd, because the boat on which the work was done was allowed by the furnishers of supplies to depart without enforcing their claims; and 3rd, because in no event can either recover as their respective claims have not been proven by at least one credible witness and other corroborative circumstances.

The fundamental error, which is the basis for the objection firstly and secondly urged, is that it assumes that the right of a person, who has contracted with the undertaker, to be paid by privilege and preference out of such funds as may remain in the hands of the person for whom the work is being done, and which is still due the undertaker, by serving on the owner an attested account, depends upon the existence or preservation of a privilege on the thing itself.

If the furnishers of materials in the instant cause were seek-

35

ing to enforce a lien and privilege on the boat "Vulcan" to secure their respective claims, the inquiry necessarily would be: had the contractor, the Holmberg Engineering Company, any lien and privilege on the boat, for the material men take only through, or as subrogees of the undertaker; and it would not be whether the furnishers of material had reduced *their* contracts to writing and had registered them with the Recorder of Mortgages. C. C. 2775 et seq.

So also as to the objection that as the boat was allowed to depart the privilege was thereby lost. As no privilege is claimed on the boat, it does not concern the present inquiry, whether the boat was permitted to depart or not.

That one who sells to a contractor materials which are actually used by the contractor in constructing and building the work, and who has served on the owner an attested account of the amount due is entitled to recover from the owner the amount thereof to the extent of the owners' liability to the contractor, is specifically accorded by Article 2772 et seq. C. C. Serving the attested account is in the nature of a seizure of the funds in the owner's hands and this seizure gives a privilege and preference on the fund.

In the instant cause but one of the two material men served such an account, The Webster Manufacturing Co. It was served after the contractor had gone into the hands of a Receiver, and it is urged that this was too late. The law provides no specific time within which the attested account must be served. To be effective in arresting the fund and to thus impress a privilege upon it, it must necessarily be served before the money is paid over to the contractor, and it is a good service if made at any time before this happens. This particular claim was proven by the testimony of Ernest Lee Jahncke, who says that he checked up the bill after the goods reached the shipyard, and that the amount charged seemed to him to be "fair." It is also proved by the attested account sworn to by the Vice President of the Webster Manufacturing Company, and which was offered in evidence and received without any objection as to its being ex parte. Daniel's account has not been proven to the satisfaction of the law; and, besides he served no attested account.

It is clear, therefore, that the Webster Manufacturing Company is entitled to a judgment against the Holmberg Engineer-

ing Company for the full amount of the claim sued for, and that it is entitled to be paid by privilege and preference out of the fund deposited in Court.

The judgment as to A. S. Daniels should have been against his as in case of non-suit.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, annulled and reversed, and it is now ordered, adjudged and decreed that the Webster Manufacturing Company do have judgment against the Holmberg Engineering Company in the full sum of twelve hundred and ninety-eight and 72-100 dollars, with legal interest thereon from judicial demand till paid; that its lien and privilege on the fund deposited in the registry of the Court be and the same is hereby recognized as duly resulting from the service of the attested account herein; that after deducting from said fund the cost of this concursus, the surplus thereof be paid over by the Clerk of the Civil District Court to the Said Webster Manufacturing Company in order to pay and discharge, *protanto*, the judgment presently rendered in favor of the said Webster Manufacturing Company in order to pay and of A. S. Daniels be rejected as in case of non-suit, and that the demand of the Receiver of the Holmberg Engineering Company be and the same is entirely rejected and disallowed.